# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2011

No. 10-10365
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-160-2

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Ramirez appeals the 120-month sentence imposed by the district court following his guilty plea conviction for making false statements during the purchases of firearms in violation of 18 U.S.C. § 924(a)(1)(A). He argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He specifically argues that the sentence is unreasonable because, as a first-time offender, his risk of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recidivism is very low and because the sentence results in an unwarranted sentencing disparity.

Because Ramirez objected to the reasonableness of his sentence, he has preserved the issue on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Accordingly, we review the substantive reasonableness of Ramirez's sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

We note that although the district court stated that the sentence was appropriate as either an upward departure or an upward variance, the specific characterization of the sentence as a departure or a variance is not significant if "the sentence imposed was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court stated that it was concerned that Ramirez's guidelines sentencing range did not adequately reflect certain characteristics of the offense, namely, that the hundreds of firearms purchased by Ramirez for a Mexican drug-trafficking cartel were used by the cartel in warfare with its rival cartel and Mexican authorities and resulted in injury. The district court noted that the case was exceptional and that the sentence reflected the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. The district court's reasons for the departure advanced the objectives set forth in § 3553(a)(2), as a whole, as well as the purpose of U.S.S.G. §5K2.0, and are justified by the facts of the case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

We find that the 120-month sentence imposed by the district court was reasonable under the totality of the relevant statutory factors, *see Brantley*, 537 F.3d at 349, and did not constitute an abuse of discretion.

AFFIRMED.